UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY LACROIX,

    Plaintiff,

    v.

SERGEANT STONE,

    Defendant.

CAUSE NO. 3:22-CV-985-RLM-MGG

OPINION AND ORDER

Terry LaCroix, a prisoner without a lawyer, is proceeding in this case against Sergeant Jeremiah Stone "in his personal capacity for monetary damages for using excessive force against him on or about December 5, 2020, by spraying him with mace, placing him in a scalding shower, slamming him against the shower wall, and placing him in a cold holding cell when he was dripping wet with the intention of causing him harm[.]" ECF 6 at 6. Sgt. Stone filed a motion for summary judgment, arguing that Mr. LaCroix didn't exhaust his administrative remedies before filing this lawsuit. As explained in this opinion, the court grants Sgt. Stone's motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears on paper but rather whether the process

was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

Sgt. Stone argues that Mr. LaCroix did not exhaust his administrative remedies before filing this lawsuit because he submitted a grievance alleging Sgt. Stone used excessive force against him on December 5, 2020, but didn't timely appeal the grievance office's denial of that grievance. Sgt. Stone provides an affidavit from the prison's Grievance Specialist, who attests to these facts: On December 11, 2020, Mr. LaCroix submitted Grievance 122719, complaining that Sgt. Stone used excessive force against him on December 5, 2020. On February 11, 2021, the Grievance Specialist denied Grievance 122719 on its merits. Mr. LaCroix requested an appeal form, and the Grievance Specialist mailed him the form on February 25. On March 8, Mr. LaCroix submitted a completed appeal form to the grievance office. The Grievance Specialist rejected Mr. LaCroix's appeal form as untimely because he didn't submit it within five business days.

In his response, Mr. LaCroix argues that the Grievance Specialist improperly rejected his appeal form as untimely because he received the appeal form in the mail on March 1, 2021, and submitted the completed form less than five business days later on March 8. In his reply, Sgt. Stone provides a supplemental affidavit from the Grievance Specialist, who explains why he rejected Mr. LaCroix's March 8 appeal form as untimely. The Grievance Specialist attests to this: Under the Offender Grievance Process, Mr. LaCroix needed to submit a completed appeal form within five business days of receiving the grievance response. In determining whether an

3

appeal form is timely, the Grievance Specialist calculates five business days from the date he sends the appeal form to the offender, including one buffer day to account for the form to travel in the mail. Because the Grievance Specialist sent the appeal form to Mr. LaCroix on February 25, Mr. LaCroix had until March 5 to submit the completed appeal form. Because Mr. LaCroix waited until March 8 to submit the completed appeal form, the Grievance Specialist rejected the appeal form as untimely.

The Grievance Specialist's rejection of Mr. LaCroix's March 8 appeal form was a proper application of the Offender Grievance Process' time limit to submit an appeal. *See* ECF 16-2 at 12 (providing that a completed appeal form "shall be submitted to the Offender Grievance Specialist within five (5) business days after the date of the grievance response"). The Grievance Specialist took a more lenient approach by giving Mr. LaCroix until March 5 (six business days after the appeal form was mailed) to submit the completed form. There is no evidence Mr. LaCroix was unable to comply with this time limit, as he concedes he received the appeal form on March 1 and hasn't explained why he was unable to submit the completed form by March 5. The Grievance Specialist's rejection of Mr. LaCroix's March 8 appeal form was a proper application of the Offender Grievance Process and didn't make the grievance process unavailable to Mr. LaCroix.

Mr. LaCroix alternatively argues that his administrative remedies were unavailable because the Offender Grievance Process doesn't allow him to ask for money damages. The U.S. Supreme Court has rejected this argument. *See* Booth v.

Churner, 532 U.S. 731, 741 (2001) (even when a prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion is a prerequisite to filing suit as long as some form of relief is available). Lastly, Mr. LaCroix argues the purpose of the PLRA should be to "help inmates," not correctional officers. But this argument is not relevant to whether Mr. LaCroix exhausted the PLRA's exhaustion requirement before filing suit. *See* Chambers v. Sood, 956 F.3d 979, 983 (7th Cir. 2020) (the purpose of the PLRA's exhaustion requirement is "to give the prison an opportunity to address the problem before burdensome litigation is filed") (citing Woodford v. Ngo, 548 U.S. 81 (2006)); *see also* Jones v. Bock, 549 U.S. 199, 223 (2007) (the PLRA was enacted with the purpose "to reduce the quantity of inmate suits").

Because Sgt. Stone has provided undisputed evidence Mr. LaCroix didn't exhaust any grievance before filing this lawsuit, and Mr. LaCroix provides no evidence the Offender Grievance Process was in any way unavailable, Sgt. Stone has met his burden to show Mr. LaCroix didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in favor of Sgt. Stone.

For these reasons, the court:

(1) GRANTS Sgt. Stone's motion for summary judgment (ECF 16); AND

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Stone and against Terry LaCroix and to close this case.

SO ORDERED on June 20, 2023

                                                    s/ Robert L. Miller, Jr.
                                                    JUDGE
                                                    UNITED STATES DISTRICT COURT