UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LACROIX, | |
|       Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-985-JTM-MGG |
| SERGEANT STONE, | |
|       Defendant. | |

## OPINION and ORDER

Terry LaCroix, a prisoner without a lawyer, moves the court for reconsideration of its order granting summary judgment in favor of Sgt. Stone. (DE # 33.) The court granted Sgt. Stone's summary judgment motion because the undisputed facts showed Mr. LaCroix didn't exhaust his administrative remedies before filing this lawsuit. (DE # 31.) Specifically, the undisputed facts showed: (1) the grievance office denied Mr. LaCroix's grievance on February 11, 2021; (2) the grievance office mailed Mr. LaCroix an appeal form on February 25, 2021; (3) Mr. LaCroix submitted the completed appeal form to the grievance office on March 8, 2021; and (4) the grievance office rejected Mr. LaCroix's appeal form as untimely because he didn't submit it within five business days of February 25. *Id.* The court concluded this was a proper exercise of the Offender Grievance Process' time limit to submit an appeal, and rejected Mr. LaCroix's arguments that his appeal form was timely and the Offender Grievance Process was unavailable. *Id.*

In his motion for reconsideration, Mr. LaCroix raises three arguments. (DE # 33.) First, he argues the court overlooked his response to the summary judgment motion. (*Id.* at 1.) However, the court considered and addressed Mr. LaCroix's response in its

order granting summary judgment. (*See* DE # 31 at 3-5, addressing Mr. LaCroix's arguments that his appeal was timely and his administrative remedies were unavailable.) Second, Mr. LaCroix reiterates his argument that his appeal form was timely. (DE # 33 at 1-2.) However, the court already considered and rejected this argument in its order granting summary judgment. (*See* DE # 31 at 4.) *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments"). Third, Mr. LaCroix argues he was unable to submit his appeal form prior to March 8, 2021, for several reasons. (DE # 33 at 2.) However, this is not a valid basis for reconsideration because Mr. LaCroix could have raised this argument in his response to the summary judgment motion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"); *Publishers Resource v. Walker–Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion).

Thus, Mr. LaCroix has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of Sgt. Stone. For these reasons, the motion to reconsider (DE # 33) is **DENIED**.

**SO ORDERED.**

Date: October 5, 2023

                                           s/James T. Moody
                                           JUDGE JAMES T. MOODY
                                           UNITED STATES DISTRICT COURT